IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALDEN SHORT INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:15-cv-842-K-BF |
| | § | |
| LANETRA BAILEY and | § | |
| all occupants, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this removed civil action to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. Because it is apparent that federal jurisdiction is lacking, the District Court should remand this case to the state court from which it was removed.

**Background**

Defendant Lanetra Bailey, proceeding *pro se*, filed a Notice of Removal purporting to remove to federal court this action arising out of an eviction proceeding brought in a Dallas County Justice Court by Plaintiff Alden Short, Inc. *See* Rem. Not. (Doc. 1) at 2. According to Defendant, the court has jurisdiction over this matter because it involves a "Federal Cause of Action in ejectment/eviction." *Id*. at 3, ¶ 11. However, Defendant failed to allege facts to show that federal question jurisdiction is proper. Nor did she attach to her Notice of Removal a copy of all process, pleadings, and orders served on her in the state court action.

After reviewing the Notice of Removal, the court *sua sponte* questioned whether removal was proper and ordered Defendant to supplement her notice by submitting a copy of all process, pleadings, and orders served on her in the state court action. *See* NOD and Order (Doc. 6). The court further ordered Defendant to submit additional evidence or facts to establish that federal question jurisdiction exists. *See id*. Defendant failed to submit the requested documents and information or otherwise respond to the court's order. The court now determines that subject matter jurisdiction is lacking and remand is required.

**Legal Standards and Analysis**

The Court has an independent duty to examine the basis of its own subject matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A federal court's jurisdiction is limited; it may exercise original jurisdiction only when the case "arises under" federal law or is based upon complete diversity of citizenship among the parties and more than $75,000 is in controversy. *See* 28 U.S.C. §§ 1331, 1332; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defendant may remove a case from state court to federal district court if the federal court could exercise original jurisdiction over the matter. 28 U.S.C. § 1441. The removing party bears the burden of establishing federal jurisdiction. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008). The removal statute must be strictly construed in favor of remand, and all doubts and ambiguities must be resolved against federal jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Defendant asserts that removal is proper based on federal question jurisdiction. More specifically, Defendant contends that this matter involves a "Federal Cause of Action in ejectment/eviction" *See* Rem. Not. at 3, ¶ 11. However, eviction proceedings generally arise under

2

state law and do not raise a federal claim or provide a basis for federal question jurisdiction. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction."); *Fed. Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov.16, 2010) ("Plaintiff's Complaint is simply one to evict Defendants and obtain physical possession of the Property under state law. The Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction.").

To the extent Defendant alleges that she is "a member of the protected class" the Civil Rights Act of 1968 was created to protect and suggests that she is being discriminated against on the basis of her protected status, *see* Rem. Not. at 2-3, ¶¶ 6, 10, her vague allegations are insufficient to establish that federal question jurisdiction exists over the removed case. Federal question jurisdiction exists only if the federal question appears on the face of a properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also Caterpillar*, 482 U.S. at 393 ("[A] case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint."); *Stump*, 322 F. App'x at 380 ("The fact that [defendant] brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction."). Defendant has not submitted a copy of the original state court pleading filed in this case and has not otherwise satisfied her burden to show that federal question jurisdiction exists.

Nor does it appear that diversity jurisdiction exists. In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b). Here, Defendant has not alleged or established facts to show that diversity jurisdiction is proper. The Notice of Removal does not address the citizenship of the parties, and it does not contain any allegation concerning the amount in controversy. Defendant has thus failed to satisfy her burden to show that diversity jurisdiction exists.

Remand is required because the court lacks subject matter jurisdiction.

### Recommendation

For the reasons stated herein, Defendant has failed to satisfy her burden to show that federal subject matter jurisdiction exists. The District Court should remand the action to the Dallas County Justice Court from which it was removed.

**SO RECOMMENDED**, April 7, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).